STATE OF MONTANA,

      Plaintiff,

vs.

MARTIN CHARLES MOORMAN,

      Defendant.

NO. DC 82-64

DECISION

On July 6, 1994, the Defendant was sentenced to fifteen (15) years in Montana State Prison for the offense of Robbery, a Felony, with none suspended. The defendant shall receive credit for jail time served in Washington and Montana on this and previous revocations, which as of the date of this judgment totals one hundred twenty-six (126) days. The defendant shall not receive credit for any other elapsed probationary time due to his violations of his probation. The Court recommends that the defendant not be considered eligible for parole until he has successfully completed the Addictive Diseases Study Program at the Montana State Prison. The Court further orders that the defendant shall continue to be designated a dangerous offender for purposes of his parole. The Court orders that in the event the defendant secures early release from prison via parole, that he shall be responsible for restitution to the victim of the offense, as previously ordered on November 8, 1982, as follows: David Cochrane - $1131.89, Crime Victim's Unit - $120.95; and for costs of extradition ordered on March 4, 1992 in the amount of $1575.00.

On October 13, 1994, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and was represented by Mike Claque, Legal Intern from the Montana Defender Project. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also

to increase it if such is possible. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, there is a split decision of the Sentence Review Division. Judge G. Todd Baugh and Judge Ted O. Lympus vote to affirm the decision as originally imposed.

The reason for the decision is the sentence imposed by the District Court is presumed correct pursuant to Section 46-18-904(3), MCA. The Division finds that the reasons advanced for modification are insufficient to deem inadequate or excessive as required to overcome the presumption per Rule 17 of the Rules of the Sentence Review Division of the Montana Supreme Court. The Sentence Review Board also finds that the Hon. C.B. McNeil did consider the underlying requirements to impose the dangerous designation.

Done in open Court this 13th day of October, 1994.

SIGNED this 22nd day of November, 1994.

**Hon. G. Todd Baugh, Chairman, and Hon. Ted Lympus, Member.**

DISSENT: **THE HONORABLE JOHN WARNER DISSENTS**, and would amend the sentence by removing the dangerous designation.

Judge Warner finds that the record does not justify a dangerous designation. The legality for the dangerous designation is more properly a matter for post-conviction relief.

The Sentence Review Board wishes to thank Mike Claque, Legal Intern from the Montana Defender Project for his assistance to the defendant and to this Court.